<div style="margin-left: sidebar;">
BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555
</div>

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   Novato, California 94948-6169
4  (415) 898-1555
   (415) 898-1247 (Fax No.)
5
   Attorneys for Plaintiffs
6

7

8              THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  RUSSELL WALTON, and MATT HUSSEY, Individually, as Wrongful Death Heir, and as Successor-in-Interest to THOMAS HUSSEY, Deceased; and RYAN HUSSEY, as Legal Heir of THOMAS HUSSEY, Deceased,<br><br>15     Plaintiffs,<br><br>16  vs.<br><br>17  GENERAL ELECTRIC COMPANY, NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, NORTHROP GRUMMAN SHIP SYSTEMS, INC., and DOES 1-300,<br><br>20     Defendants. | No. C06-5381-BZ<br><br>JOINT MOTION AND STIPULATION TO STAY PROCEEDING OR, IN THE ALTERNATIVE, TO CONTINUE CASE MANAGEMENT DEADLINE AND CONFERENCE, AND TO EXTEND TIME; [PROPOSED] ORDER TO STAY; [PROPOSED ALTERNATIVE] ORDER TO CONTINUE |

21

22      Pursuant to Civil L. R. 7-11 and 7-12, the following parties hereby stipulate to, and

23  respectfully move the Court for, an Order extending time as set forth in the *Order Setting Initial*

24  *Case Management Conference* filed August 6, 2006 (Document 2) for the following good cause:

25      On October 10, 2006, Defendants NEWPORT NEWS SHIPBUILDING AND DRY

26  DOCK COMPANY, and NORTHROP GRUMMAN SHIP SYSTEMS, INC. filed Document 6,

27  a Notice to Tag Along Action and Letter regarding the pending Multidistrict Litigation ("MDL")

28  in the Eastern District of Pennsylvania, seeking among other things, to move Jurisdiction of this

1 matter to that District.    On October 10, 2006 Defendant GENERAL ELECTRIC COMPANY
2 filed a similar Notice to Tag Along Action (Documents 9 and 10).
3   On July 29, 1991, the Judicial Panel on Multidistrict Litigation ("JPML") entered an
4 order transferring all asbestos personal injury cases pending in the federal courts to the United
5 States District Court for the Eastern District of Pennsylvania, for coordinated pretrial
6 proceedings pursuant to 28 U.S.C. § 1407. That order also applies to "tag-along actions," or
7 actions involving common questions of fact filed after January 17, 1991. Such actions are to be
8 transferred to the eastern District of Pennsylvania as part of MDL 875, for coordinated pretrial
9 proceedings.
10   The JPML has held that a district court has the authority to stay pending a transfer order.
11 *In re Asbestos Products Liability Litigation,* 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001)
12 ("[T]hose courts concluding that such issues should be addressed by the transferee judge need
13 not rule on them, and the process of 1407 transfer in MDL-875 can continue without any
14 unnecessary interruption or delay.")
15   The parties agree that it is likely that the JPML will transfer this matter to the Eastern
16 District of Pennsylvania.
17   However, to date, the Clerk of the JPML has not entered a *Conditional Transfer Order*
18 pursuant to JPML Rule 12(a) or filed an order to show cause why the action should not be
19 transferred, pursuant to JPML Rule 13(b).
20   It is likely the dates set forth in the *Order Setting Initial Case Management Conference*
21 filed August 6, 2006 (Document 2), including the deadlines imposed by Federal Rules of Civil
22 Procedure 26, will come to pass before the Clerk of the JPML acts.
23   The parties make this Motion on the grounds that a stay of this action would (a) promote
24 judicial efficiency, (b) allow consistency in pretrial rulings, and (c) be most convenient to the
25 parties.
26   Due to the pending action by the Clerk of the JPML, the parties hereby STIPULATE to
27 and respectfully request the Court VACATE its *Order Setting Initial Case Management*
28 *Conference* filed August 6, 2006 (Document 2), and that the Court issue an Order STAYING this

1  action pending the outcome of the MDL Panel's decision on the merits of the transfer.

2  In the alternative, the parties hereby STIPULATE to and respectfully request that the
3  dates set forth in the *Order Setting Initial Case Management Conference* filed August 6, 2006
4  (Document 2) be vacated and continued pending the outcome of the JPML's decision on the
5  merits of the transfer. Specifically, these deadlines include the **November 13, 2006** deadline to
6  meet and confer, and file Joint ADR Certification, the **November 27, 2006** Deadline to complete
7  Initial Disclosures, the **November 27, 2006** deadline to file the Joint Case Management
8  Statement, and the Case Management Conference currently set for **December 4, 2006**.

9  Dated: October 18, 2006                          BRAYTON✥PURCELL LLP

                                                    /s/ David R. Donadio

                                            By:     _____
                                                    David R. Donadio
                                                    Attorneys for Plaintiff

14 Dated: October 18, 2006                          SEDGWICK, DETERT, MORAN &
                                                    ARNOLD, LLP

                                                    /s/ Derek Johnson

                                            By:     _____
                                                    Derek Johnson
                                                    Attorneys for Defendant
                                                    GENERAL ELECTRIC COMPANY

19 Dated: October 18, 2006                          HAIGHT BROWN & BONESTEEL LLP

                                                    /s/ Daniel J. Kelly

                                            By:     _____
                                                    Daniel J. Kelly
                                                    Attorneys for Defendants NEWPORT
                                                    NEWS SHIPBUILDING AND DRY DOCK
                                                    COMPANY, NORTHROP GRUMMAN
                                                    SHIP SYSTEMS, INC

24 //
25 //
26 //
27 //
28 //

[PROPOSED] **ORDER TO STAY**

IT IS HEREBY ORDERED that the hearing date and deadlines specified in the *Order Setting Initial Case Management Conference* filed August 6, 2006 (Document 2) is hereby VACATED and that this action is STAYED pending the outcome of the JPML's decision on the merits of the transfer. *Plaintiff shall immediately notify the Court of the MDL Panel's decision*

Dated: 18 Oct 06

Bernard Zimmerman
United States Magistrate Judge

[PROPOSED *ALTERNATIVE*] **ORDER TO CONTINUE**

IT IS HEREBY ORDERED that the hearing date and deadlines specified in the *Order Setting Initial Case Management Conference* filed August 6, 2006 (Document 2) are hereby VACATED.

IT IS FURTHER ORDERED that the following case management deadlines are continued as follows:

1. Last day to meet and confer re initial disclosures, early settlement, ADR process selection, and discovery plan is [set for a date on or after April 1, 2006 to wit:] _____, 2006;

2. Last day to file Joint ADR Certification with Stipulation to ADR process or Notice of Need for ADR Phone Conference is [set for a date on or after April 1, 2006 to wit:] _____, 2006;

3. Last day to complete initial disclosures or state objection to Rule 26(f) Report, file/serve Case Management Statement and file/serve Rule 26(f) Report is [set for a date on or after April 1, 2006 to wit:] _____, 2006; and

//
//
//

1  4.  The Case Management Conference is [set for a date after April 1, 2006 to
2  wit: ] Thursday, April ____, 2006 at 4:00 P.M, Courtroom G, 15th Floor, 450 Golden Gate
3  Avenue, San Francisco, California.
4  Dated: _____

_____
Bernard Zimmerman
United States Magistrate Judge